856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. BOTT and Jac Products, Inc., Plaintiffs-Appellees,
v.
FOUR STAR CORPORATION, Defendant-Appellant.
 No. 88-1278.
 United States Court of Appeals, Federal Circuit.
 Aug. 26, 1988.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 
 1
 Four Star Corporation ("Four Star") appeals the final judgment of the United States District Court for the Eastern District of Michigan, Southern Division, in Civil Action No. 86-CV-70176-DT. The district court awarded damages for patent infringement in favor of the appellees (Bott) against Four Star, but stayed an injunction which had been issued against Four Star, pending the outcome of this appeal. We affirm the decision of the district court.
 
 OPINION
 
 2
 This appeal is another episode in the long history of litigation between the same parties in the same court over patents involving luggage racks for automobiles. Many of the pertinent facts are set forth in this court's recent decision in Bott v. Four Star Corp., Nos. 88-1117 and 88-1118 (Fed.Cir. May 26, 1988) (unpublished). As the court there found, judgment was entered in favor of Bott against Four Star for the infringement of Bott's patents '658 and '471 covering removable automobile luggage racks. In 1983, Four Star altered the design of its luggage rack to avoid infringement of the '658 and '471 patents by developing a nonremovable rack which Four Star began selling in June 1984.
 
 
 3
 The patent involved in this appeal is U.S. Patent No. 4,516,710 ('710). In May 1985, Bott's '710 patent issued and contained claims that were broad enough to encompass Four Star's redesigned racks. The '710 patent resulted from an application filed in November 1983. It was the seventh in a series of continuation applications, all of which were based on the identical disclosure and relied for priority on an application filed in 1974. The applications on which the '658 and '471 patents issued were part of the string of continuations.
 
 
 4
 The only issue on this appeal is raised by Four Star's contention that equity requires that the doctrine of intervening rights, invoked by the courts prior to enactment of 35 U.S.C. Sec. 252 (1982) and thereafter codified in that statute, should be applied in this case to protect the intervening rights of Four Star against liability for the infringement of Bott's '710 patent.
 
 
 5
 There is a sharp dispute between the parties as to whether this issue was adequately presented to the district court, but for the purposes of this appeal, we shall assume that the issue is properly before us. We hold, however, that Four Star's right to relief is precluded by the law of the case doctrine, because of this court's decision in Bott v. Four Star Corp., Nos. 88-1117 and 88-1118 (Fed.Cir. May 26, 1988) (unpublished).
 
 In that decision, the court stated:
 
 6
 We are not persuaded by Four Star's position because these Supreme Court cases preceded the enactment of the Patent Act of 1952 (Title 35 of the United States Code). Continuation applications are authorized by 35 U.S.C. Sec. 120 (Supp. III 1985). Section 120 does not contain any time limit on broadened claims similar to the two-year time limit applicable to reissue proceedings under 35 U.S.C. Sec. 251 (1982). The latter section expressly provides that a reissued patent shall not be granted enlarging the scope of the claims of a patent unless it is applied for within two years of the grant of the original patent. Had the legislature intended any such time limit to apply to continuation applications it could have included a similar provision in section 120. Moreover, we have not been directed to anything in the legislative history of the 1952 Act that supports Four Star's contention that the equitable considerations discussed in the Supreme Court cases relied on by Four Star should have continued viability.
 
 
 7
 This court has recognized that the law of the case doctrine applies in patent cases. See, e.g., Smith Int'l, Inc. v. Hughes Tool Co., 759 F.2d 1572, 1576, 225 USPQ 889, 891 (Fed.Cir.1985).
 
 
 8
 Four Star argues that our decision of May 26, 1988, merely affirmed the district court's holding that Bott was not equitably estopped from enforcing the '710 patent and did not reach the issue involved in this appeal. However, in view of the clear and explicit language quoted above, this contention must be rejected.